UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-cr-131-02 (PLF) |
| v.   )( | Judge Freidman |
| )( | Sentencing: May 16, 2023 |
| CHRISTINA GERDING   )( | |

**MOTION TO MODIFY CONDITIONS OF PROBATION
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Christina Gerding, by and through undersigned counsel, and respectfully moves this Honorable Court to modify certain conditions of probation that the Court imposed on May 16, 2023.

1. On May 16, 2023, Ms. Gerding was sentenced in this case to 24 months probation. The Court ordered that Ms. Gerding adhere to several conditions while on probation. The U.S. Probation Office has prepared a Conditions of Probation form (Conditions of Probation) that it has sent to Ms. Gerding. The form purports to capture the conditions of probation that the Court ordered Mr. Gerding to follow while on probation. A copy of the form is attached to this motion as an exhibit.

2. At Ms. Gerding's sentencing, one of the conditions of probation that the Court ordered was that Ms. Gerding not leave the judicial district where she lives without getting permission from the Court or the probation office. See Condition of Probation at 2 (standard condition 3).

3. Ms. Gerding lives in Quincy, Illinois, which is on the border of Missouri. Ms. Gerding's father lives a few miles away from Ms. Gerding in West Quincy, Missouri. Ms. Gerding's father is in poor health, and Ms. Gerding provides significant assistance to him almost

1

every day.  Though it is part of the same community as Quincy, Illinois, because it is in fact in Missouri, West Quincy is not in the same judicial district as Quincy.   Undersigned counsel failed to bring this the Court's attention at sentencing.   Also, given that Ms. Gerding lives right on the border of Illinois and Missouri and in a community that is in both states, her daily travels often take her into Missouri.  Accordingly, Ms. Gerding requests that her travel restriction be modified to permit her to leave the judicial district in which she lives without getting prior permission form Court or the probation office provided that such travel is no more than 50 miles from her home.

        4.        At Ms. Gerding's sentencing, the Court ordered Ms. Gerding, as a condition of her probation, to remove all firearms from areas over which she has control.  However, the Conditions of Probation form that was prepared by the U.S. Probation Office indicates that Ms. Gerding has a "Firearm Restriction" that requires her to "remove all firearms, destructive devices, or other dangerous weapons from areas over which you have <u>access or control</u> [emphasis added]."  Condition of Probation at 3.  Further, the form indicates that Ms. Gerding is not "to own, possess, <u>or have access to</u> a firearm, ammunition, destructive device, or dangerous weapon [emphasis added]."  Conditions of Probation at 2 (standard condition 10).  Undersigned counsel does not recall the Court ordering any version of this latter condition at Ms. Gerding's sentencing.

        5.        Ms. Gerding does not have any firearms and does not intend to keep any firearms in any areas over which she has control while she is on probation.  However, Mr. Gerding's father does have hunting rifles in his home.  It could arguably be said that, when visiting her father (as she does almost daily due to his needs), she would have access to those firearms.  Accordingly, just so there are no misunderstandings, Ms. Gerding requests that the Firearm Restriction requiring her to "remove all firearms, destructive devices, or other dangerous weapons from areas over which you have <u>access</u> or control [emphasis added]" be modified so

that it only requires her to "remove all firearms, destructive devices or other dangerous weapons from any areas over which you have control."  Further, Ms. Gerding requests that the condition of probation requiring her not "to own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon [emphasis added]" be modified to only require her not "to own or possess a firearm, ammunition, destructive device, or dangerous weapon."

6.	At Ms. Gerding's sentencing, the Court did not exempt Ms. Gerding from the requirement that she submit to one drug test withing 15 days of the commencement of her supervision and then two additional periodic tests.  In the Presentence Investigation Report (PSR) (ECF #87) that was prepared for Ms. Gerding, it is indicated that she uses marijuana twice a month.  PSR at 10 (¶ 42).  Though the Court could have exempted Ms. Gerding from the above-referenced drug-testing requirement under 18 U.S.C. §§ 3563(a)(5) and 3583(d), it is possible the Court did not do so because of her admitted occasional marijuana use.  However, marijuana use is legal in the state of Illinois.  Cannabis Regulation and Tax Act, Illinois House Bill 1438 (approved May 31, 2019 with effective date of January 1, 2020).  To the extent that knowing this fact would have made a difference to the Court in deciding not to exempt Ms. Gerding form the above-referenced drug-testing requirement, Ms. Gerding now asks the Court to exempt her from the drug-testing requirement.

7.	"[A] court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation."  18 U.S.C. § 3563(c).

WHEREFORE, the defendant, Christina Gerding, moves this Honorable Court to modify her conditions of probation.

Respectfully submitted,

\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Christina Gerding
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101
