UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   )( | |
| )( | Criminal No. 21-cr-131-02 (PLF) |
| v.                                                    )( | Judge Freidman |
| )( | Sentencing: May 16, 2023 |
| CHRISTINA GERDING              )( | |

REPLY TO GOVERNEMT'S RESPONSE
TO DEFENDANT'S MOTION
TO MODIFY CONDITIONS OF PROBATION

COMES NOW the defendant, Christina Gerding, by and through undersigned counsel, and respectfully replies to the Government's Response to Defendant's Motion to Modify Conditions of Probation. Towards this end, Ms. Gerding would show:

1.  On May 16, 2023, the Court sentenced Ms. Gerding to 24 months probation. After sentencing, the U.S. Probation Office prepared a Conditions of Probation form (Conditions of Probation) that it has sent to Ms. Gerding. The form purports to capture the conditions of probation that the Court ordered Mr. Gerding to follow while on probation.

2.  At Ms. Gerding's sentencing, the Court ordered Ms. Gerding, as a condition of her probation, to remove all firearms from areas over which she has control. Ms. Gerding did not object to this because she does not own or possess any firearms. However, despite the fact that the Court only ordered Ms. Gerding to remove all firearms from any area over which she has control, the Conditions of Probation form that was prepared by the U.S. Probation Office indicates that Ms. Gerding has a "Firearm Restriction" that requires her to "remove all firearms, destructive devices, or other dangerous weapons from areas over which you have <u>access or control</u> [emphasis added]." Condition of Probation at 3. Further, the form indicates that Ms. Gerding is not "to own, possess, <u>or have access to</u> a firearm, ammunition, destructive device, or dangerous weapon [emphasis added]." Conditions of Probation at 2 (standard condition 10).

1

3. Ms. Gerding's father lives one town over from Ms. Gerding (in West Quincy, Missouri). Ms. Gerding visits him daily and checks in on him.

4. Ms. Gerding does not have any firearms and does not intend to keep any firearms in any areas over which she has control while she is on probation. However, Ms. Gerding's father does have hunting rifles in his home. It could arguably be said that, when visiting her father (as she does almost daily), she would have access to those rifles. It must be noted that, to the extent that Ms. Gerding could be said to have access to the rifles, it would only be in the most general sense. The rifles belong to Ms. Gerding's father, not her, and he is the one who is in control of them. Nevertheless, just so there were no misunderstandings. On May 17, 2023, Ms. Gerding filed a Motion to Modify Conditions of Probation and Points and Authority in Support Thereof (Motion to Modify) (ECF #99). In the Motion to Modify, Ms. Gerding requested that, rather than order her to "remove all firearms, destructive devices, or other dangerous weapons from areas over which you have <u>access</u> or control [emphasis added]," the Court only require her to "remove all firearms, destructive devices or other dangerous weapons from any areas over which you have control." Motion to Modify at 2-3. Unlike the former language, the latter language is actually what the Court ordered at Ms. Gerding's sentencing. Further, Ms. Gerding requested that, rather than order her not "to own, possess, <u>or have access to</u> a firearm, ammunition, destructive device, or dangerous weapon [emphasis added]," the Court only order her not "to own or possess a firearm, ammunition, destructive device, or dangerous weapon." <u>Id.</u> at 3. Unlike the former language, the latter language is at least consistent with what the Court said at Ms. Gerding's sentencing.

6. On May 31, 2023, the government filed a Government's Response to Defendant's Motion to Modify Conditions of Probation (Response) (ECF #100). In its Response the government notes that, in her Motion to Dismiss, Ms. Gerding does not indicate "whether the firearms at her father's residence could be removed or otherwise secured." Response at 1. Additionally, it indicates that it does not object to Ms. Gerding being able to visit her father provided that she "does not have access to or possess firearms at her father's residence." <u>Id.</u>

7. Ms. Gerding now replies to the government's Response with the following points:

a. Ms. Gerding has only been convicted of a misdemeanor offense in this case. Outside of her conditions of probation, it is <u>not</u> illegal for her to own and possess firearms.

b. Apart from her arrest in this case, Ms. Gerding has never even been arrested before. The conduct at issue in this case does not involve any violence, and it certainly does not involve any weapons, that alone firearms. Prior to sentencing, Ms. Gerding was in full compliance with her conditions of release. She had been under the supervision of the Pretrial Service Agency for over two years

c. Ms. Gerding does not own or possess any firearms.

d. In the Presentence Investigation Report (PSR) (ECF #87), that was prepared for Ms. Gerding's sentencing, the Probation Office notified the Court that it <u>could</u> impose on Ms. Gerding conditions of probation that would restrict her from having firearms in order to make sure that the probation officers supervising her are not put in danger by her being in possession of firearms. PSR at 14 & n.4. The Probation Office did <u>not</u> recommend that the court restrict Ms. Gerding's from having firearms; it simply noted that the Court <u>could</u> restrict her from having firearms. <u>Id.</u> The Probation Office noted that "the court may provide that the defendant '<u>refrain from possessing a firearm, destructive device, or other dangerous weapon</u>.'" PSR at 14 n.4 (emphasis added). Thus, the Probation Office suggested that Court use the underlined language if it decided to restrict Ms. Gerding from having firearms while she is on supervision. The Probation Office indicated that, if the Court did decide to restrict Ms. Gerding from having firearms while on probation, the Probation Office could facilitate the transfer of any firearms that Ms. Gerding might have "to another person who has the lawful right to possess them." <u>Id.</u>

e. Though no reason has been given for why such a condition is even needed, Ms. Gerding does not object to being ordered, as a condition of her probation, to "refrain from possessing a firearm, destructive device, or other dangerous weapon." Also, she

3

      does not object to a condition requiring her to not keep firearms in any area over which she has control.

f. The hunting rifles at Ms. Gerding's father's home are his guns. There is no need to transfer the rifles to the possession of someone other than Ms. Gerding because they already are (and always have been) in the possession of someone else. The rifles are family heirlooms, and they are important to her father. He keeps them in a gun case. He owns them legally. The rifles are in Ms. Gerding's father's control, not Ms. Gerding's control. When she is visiting her father, she is never in possession of his rifles.

g. A probation officer will not be visiting Ms. Gerding when she is at her father's home.

h. In its Response, the government does not give any reason for believing that Ms. Gerding would, despite being ordered to not possess firearms and not keep firearms in any area over which she has control, somehow take possession of the hunting rifles that her father owns and bring them home with her, where she thus might be in possession of them while a probation officer is visiting her.

i. At Ms. Gerding's sentencing, the Court never ordered Ms. Gerding, as a condition of her probation, to not have "access" to firearms. The Court only ordered Ms. Gerding to remove all firearms from any area over which she has control. Conditions requiring Ms. Gerding to remove all firearms from areas over which she has control and to not possess any firearms while on supervision are more than adequate to insure that she does not pose a danger to probation officers supervising her.

j. A condition requiring Ms. Gerding to not have "access" to firearms is too vague and too open to differing interpretations to be a proper condition of probation.

WHEREFORE, the defendant, Christina Gerding, replies to the Government's Response to Defendant's Motion to Modify Conditions of Probation.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Christina Gerding
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101